UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
SEP 19 2012
[signature]
CLERK

| | | |
|---|---|---|
| RALPH H. COWGILL | * | CIV 12-4116-RAL |
| a/k/a Jesus H. Durant, | * | CIV 12-4123-RAL |
| | * | CIV 12-4124-RAL |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING LEAVE |
| | * | TO PROCEED IN FORMA |
| UNITED STATES OF AMERICA, | * | PAUPERIS AND |
| | * | DISMISSING CASES |
| Defendant. | * | |

Plaintiff, Ralph H. Cowgill, a.k.a. Jesus H. Durant ("Cowgill"), filed a pro se Complaint on June 27, 2012, and motion for leave to proceed in forma pauperis on July 3, 2012. Doc. 1; Doc. 7. Cowgill's original Complaint names the United States of America as Defendant. Doc. 1.

On July 2, 2012, Cowgill filed what he called a "Vatican Complaint," naming himself as "Senior Vatican Justice Pope John Paul The 14th" and naming as the Defendant Chief Judge Karen E. Schreier of the United States District Court for the District of South Dakota. Civ. 12-4123-RAL, Doc. 1. The Clerk of Court opened up a new file based on the Vatican Complaint under Civ. 12-4123-RAL.

The Clerk of Court also opened a new file under Civ. 12-4124-RAL, with regard to yet another "Vatican Complaint" filed July 2, 2012. Civ. 12-4124-RAL, Doc. 1. In that Complaint, Plaintiff sued "United State's Goverment And the SS Gistopo List Appointed President Of the United State's and His Gistopo Preist." Civ. 12-4124-RAL, Doc. 1 at 1. This Court addresses all three cases in this Order because Cowgill paid no separate filing fees, filed only for leave to proceed in forma pauperis in Civ. 12-4116-RAL, and may not have intended or been aware that

his filings are in three separate civil cases.

Cowgill has not paid the civil filing fee. A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit and seeks to proceed in forma pauperis. 28 U.S.C. § 1915. In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).

Cowgill's motions to proceed without payment of fees and declaration reveal that he probably is indigent. Civ. 12-4116-RAL, Doc. 7; Doc. 13. Cowgill's affidavit states that his monthly income was $650.00 per month for the past 12 months while working at Labor Ready, which is a day laborer service in Sioux Falls. Civ. 12-4116-RAL, Doc. 7 at 1; Doc. 13 at 1. Cowgill does not appear to be employed currently at Labor Ready as he made no attempt to estimate his future monthly payments, he left his "Gross monthly pay" from Labor Ready blank, and listed his dates of employment as both beginning and ending in June 2012. Cowgill also indicates in the employment history section of his affidavit that he worked at AAA Pallet & Lumber making $500.00 a month, but his employment appears to have been for only two weeks and ended when he "ran off" the job. Civ. 12-4116-RAL, Doc. 7 at 2; Doc. 13 at 2. His affidavit indicates that has only $80.00 in cash. Civ. 12-4116-RAL, Doc. 7 at 2; Doc. 13 at 2. This Court will grant Cowgill's motions to proceed in forma pauperis and allow Cowgill to proceed at this

time.

Congress has directed this Court under 28 U.S.C. § 1915 to review and screen claims in a complaint being filed in forma pauperis to determine if they "(I) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b); see also Jefferies v. Marshall, No. CIV 12-3023-RAL, 2012 WL 3730605, at *2 (D.S.D. Aug. 28, 2012) ("This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted."). A pro se complaint is construed liberally, but it must contain specific facts supporting its conclusions. Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993). If the allegations in a pro se complaint are not sufficient to "nudge [ ] claims across the line from conceivable to plausible, [the] complaint must be dismissed" for failure to state a claim upon which relief may be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Of course, "[c]ivil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). But, if a complaint is based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Cowgill refers to many of his filings as complaints. See, e.g., Civ. 12-4116-RAL, Doc. 11. A number of those filings list Cowgill's family or a woman named Mary L. Durant as co-plaintiffs. Civ. 12-4116-RAL, Doc. 16; Doc. 1 at 4. Because Cowgill is not an attorney, he is not permitted to file lawsuits on behalf of other individuals. See Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (holding that a non-lawyer has no right to represent another entity in federal court); see also Lattanzio v. COMTA, 481 F.3d 137, 139 (2nd Cir. 2007) (noting that

3

28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves"). Accordingly, this Court will construe Cowgill's complaints as asserting only claims on his behalf.

Cowgill, through either subsequent pleadings or in different affidavits within his original complaint, has named the "Roman Catholic Church Roserie," Civ. 12-4116-RAL, Doc. 26, the "Canada Sascthewan Province Regina," Doc. 1 at 41, the "Ajutant General Office of South Dakota," Doc. 34 at 2, and "Converted to Lutheran of South Dakota," Doc. 34 at 2, as Defendants. Cowgill has supplemented his original 50-page Complaint with numerous affidavits and entitled most of those affidavits "Complaints." See Civ. 12-4116-RAL, Doc. 3; Docs. 4-5; Doc. 11; Doc. 16; Doc. 19; Doc. 22; Docs. 26-27; Docs. 32-34.

Cowgill's filings do not make clear what relief Cowgill seeks. Perhaps the closest he comes in his many filings to a request for relief is an indication of a desire to make a "motion" to seek some action from this Court. Civ. 12-4116-RAL, Doc. 1 at 4. Cowgill then states: "I Jesus H.Durant a.k.a.Ralph H.Cowgill and Mary L.Durant fteiUy motion and purge the Court to Squash and Delete slander and comminest after buites and give our citizenship back our disqualifications were handed down from the Russian in the fiist place I Ralph H.Cowgill a.k.a.Jesus H.Durant and Mary L.Durant." Id. This Court struggles to understand what relief Cowgill is seeking this Court to grant.

Cowgill's pleadings and affidavits fail to state a claim for which relief may be granted. First, Cowgill does not make a claim that invokes federal jurisdiction. Unlike South Dakota state courts, which are courts of general jurisdiction open to Cowgill, "[f]ederal courts are courts of limited, not general, jurisdiction." Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). A

4

federal district court's jurisdiction arises, in large part, from two sources. See Campbell v. BNSF Ry. Co., 731 F. Supp. 2d 926, 928 (D.N.D. 2010). First, a district court "has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a district court has jurisdiction over civil actions where the matter in controversy is more than $75,000, and the suit is between citizens of different states or a foreign country. 28 U.S.C. § 1332. Cowgill does not invoke federal question jurisdiction, does not mention a federal statute, and does not plead facts that would allow this Court to construe his claims as arising under a federal statute. Cowgill has not plead federal diversity jurisdiction either. Thus, Cowgill has not plead a claim within federal jurisdiction, so this Court must dismiss Cowgill's cases.

Sovereign immunity also bars at least some of his claims. Cowgill has named the United States as a Defendant and alleges that someone was stealing cash and gold from his account at the "fort knock military base" in the amount of "almost a zillion dollars." Civ. 12-4116-RAL, Doc. 1 at 2. Thus, Cowgill appears to be seeking a monetary judgment against the United States. "The United States retains sovereign immunity from lawsuits unless the government has consented to suit." In re Russell, 155 F.3d 1012, 1012 (8th Cir. 1998). To successfully claim that the Government is liable for money damages, the Government must waive sovereign immunity and such a waiver "must extend unambiguously to such monetary claims." Lane v. Pena, 518 U.S. 187, 192 (1996). Here, Cowgill has made a general claim that the United States owes him an extraordinary amount of money without any showing as to either the facts underlying the claim or that the United States has waived its sovereign immunity for such claims. Thus, the Government's sovereign immunity bars Cowgill's monetary claims against the

Government.

Even when construed broadly in favor of Cowgill, his pleadings do not provide a factual basis for any cause of action such that this Court could find a supportable cause of action to allow this suit to survive screening. Cowgill alleges, among other things, that the United States government has converted money he was holding at Fort Knox, that he has been using his own money to support international monetary exchanges, and that he and his mother own the oil reserves of numerous oil-rich countries. See Civ. 12-4116-RAL, Doc. 1 at 1-2, 14. The claims in the "Vatican Complaints" filed in Civ. 12-4123-RAL and Civ. 12-4124-RAL, allege such things as that Cowgill appointed Chief Judge Karen Schreier to the federal judiciary and something about the President of the United States becoming the father of the new Pope. Civ. 12-4123-RAL, Doc. 1 at 1; Civ. 12-4124-RAL, Doc. 1 at 1. These statements do not amount to a claim upon which a federal court may grant relief, even after taking them in a light most favorable to Cowgill. See Twombly, 550 U.S. at 570. Thus, it is this Court's duty under § 1915 to dismiss Cowgill's complaints for failure to state a claim on which relief may be granted.

Cowgill may try his claim in South Dakota state courts, which are courts of general jurisdiction. Cowgill may also appeal this ruling to the United States Court of Appeals for the Eighth Circuit by filing a timely Notice of Appeal. This Court wishes Cowgill well and hopes that he receives the help he needs, but cannot provide Cowgill relief under the law that applies in this Court. In short, Cowgill needs to seek help and relief elsewhere.

Therefore, it is hereby

ORDERED that Cowgill's Motions To Proceed In Forma Pauperis (Doc. 7; Doc. 13) are granted. It is further

ORDERED that Cowgill's Complaints in Civ. 12-4116-RAL, Civ. 12-4123-RAL, and Civ. 12-4124-RAL are dismissed with prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

Dated September __19__, 2012.

                                         BY THE COURT:

                                         ROBERTO A. LANGE
                                         UNITED STATES DISTRICT JUDGE